


Jonathan V. O'Steen, Esq. – State Bar #024043
**O'STEEN & HARRISON, PLC**
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013-3424
(602) 252-8888
(602) 274-1209 FAX
josteen@vanosteen.com

Richard A. Dillenburg, Esq. – State Bar #013813
**RICHARD A. DILLENBURG, P.C.**
2173 E. Warner Rd., Suite 101
Tempe, Arizona 85284-3503
(480) 668-1924
(480) 831-7438 FAX
rich@dillenburglaw.com
**Attorneys for Plaintiffs**

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James Garthe and Desiree Garthe, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>National Health Insurance Company, a Texas corporation; Meritain Health, Inc., a New York corporation,<br><br>Defendants. | NO.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, by and through undersigned counsel, and for their claims against the Defendants, allege as follows:

## PARTIES

1. Plaintiffs James Garthe and Desiree Garthe reside in Maricopa County, Arizona.

2. Defendant National Health Insurance Company ("NHIC") is a Texas corporation authorized to engage in the business of insurance. Defendant NHIC conducts business throughout the United States, including in Maricopa County, Arizona.

3. Defendant Meritain Health, Inc. ("Meritain") is a New York corporation authorized to engage in the business of insurance. Defendant Meritain conducts business throughout the United States, including in Maricopa County, Arizona.

4. Meritain acted as a third-party administrator and is contracted by NHIC to provide health insurance and administer and handle claims for NHIC under its short-term medical plan. As such, Meritain is engaged in a joint venture with NHIC to administer claims of NHIC insureds.

5. Plaintiffs submitted certain claims for payment under their NHIC short-term medical insurance policy ("Policy"), which NHIC and/or Meritain unreasonably denied, without an adequate investigation, causing harm to Plaintiffs.

6. Defendants have caused acts to occur in Maricopa County, Arizona out of which this claim arises.

7. At all times pertinent to the allegations hereof, Meritain performed claims administration services on behalf of NHIC for Plaintiffs. Meritain acts as the agent of NHIC when it administers claims for NHIC insureds.

8. All acts complained of NHIC herein, were committed by NHIC directly, or by its authorized agents, employees, servants, or representatives.

9. All acts complained of Meritain herein, were committed by Meritain directly, or by its authorized agents, employees, servants, or representatives

10. All acts complained of NHIC and Meritain herein, that were committed by their authorized agents, employees, servants, or representatives, were committed while acting within the scope of employment, service agreement, and agency, and in concert with NHIC and/or Meritain.

11. NHIC and Meritain are vicariously liable for the acts and omissions of their authorized agents, employees, servants, or representatives.

12. NHIC is vicariously liable for the acts and omissions of Meritain and Meritain's authorized agents, employees, servants, or representatives.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000 exclusive of interests and costs, and this is an action by an individual plaintiff against Defendants with their principal places of business in another state.

14. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim




occurred in this judicial district and because the Defendants were subject to personal jurisdiction in this judicial district at the time of the commencement of the action.

## FACTUAL ALLEGATIONS

15. Before May 13, 2018, Defendant NHIC issued a short-term medical insurance policy, policy number 11001GA, to Plaintiff Desiree Garthe who purchased a plan as a member of the L.I.F.E Association for herself and her family. Plaintiff James Garthe ("James") is a named insured on that Policy.

16. All premiums due under the insurance Policy covering Plaintiffs were paid to NHIC at all relevant times herein and Plaintiffs complied with all demands and requests made by NHIC.

17. On May 13, 2018, James began to experience pain and swelling around the second toe of his left foot and as a result sought treatment at the emergency room at Mayo Hospital in Scottsdale, Arizona.

18. Upon arrival at Mayo, James complained of the left toe pain and advised the doctor that two days earlier he had cut back an overgrown toenail and over the next day noticed swelling that started to spread up his left foot.

19. The final diagnoses by the physician at Mayo hospital were:

    a. Suspected acute left second tow osteomyelitis, initial encounter;
    b. Acute left foot cellulitis, initial encounter;
    c. Chronic ulcerations and subacute ulcerations to right foot.

20. The physician advised James that he needed to be admitted for treatment, however Plaintiffs requested that James be transferred to Honor Health as Mayo was not an in-network hospital on their Policy.
21. James was transferred and admitted to Honor Health, Deer Valley Medical Center ("Honor Health") that same day.
22. Physicians at Honor Health advised James that he would need to undergo surgery for wounds on both his left and right feet.
23. Surgery was performed on May 15, 2018.
24. Claims were submitted to NHIC by the hospital, physicians, and other providers who cared for Plaintiff.
25. On May 15, 2018 Meritain approved Acute Inpatient / Medical from May 13, 2018 through May 15, 2018 as medically necessary for the diagnosis of Cellulitis of the left toe.
26. On May 22, 2018 Meritain denied Acute Inpatient / Medical from May 15, 2018 through May 18, 2018 for the diagnosis of Cellulitis of the left toe.
27. Over the next several months, Meritain sent out explanations of benefits (EOB) to Plaintiffs showing that no payments had been made to either the hospital or providers.
28. The claims were eventually denied by Meritain.

## CAUSES OF ACTION

### COUNT ONE
### BAD FAITH

29. Plaintiffs incorporate herein by reference the allegations in paragraphs 1–28.



30. Defendants breached its duty of good faith and fair dealing in the handling, processing and administration of Plaintiffs' claims by intentional and unreasonable misconduct in conscious disregard of Plaintiffs' rights in the follow respects:

    a. Failing to conduct a reasonable investigation;

    b. Failing to conduct a reasonable evaluation;

    c. Unreasonably failing to accept and pay under the terms of the policy certain of Plaintiffs' claims and necessary medical expenses resulting from the claim even though Defendants had sufficient information within its possession to support payment;

    d. Failing to extend equal consideration to the Plaintiffs' interests, instead elevating its own financial interests over those of Plaintiffs; and

    e. Plaintiffs are informed and believe and therefore allege that Defendants have breached their duty of good faith and fair dealing owed to Plaintiffs by other acts or omissions of which Plaintiffs are presently unaware.

31. As a direct and proximate result of the wrongful conduct of Defendants, Plaintiffs have suffered prolonged anxiety, worry, frustration, inconvenience, loss of time, loss of benefits, anger, loss of sleep, mental suffering and emotional distress.

32. WHEREFORE, relief is prayed for at the conclusion hereof.

**COUNT TWO**
**PUNITIVE DAMAGES**

33. Plaintiffs incorporate herein by reference the allegations in paragraphs 1–32.

34. Plaintiffs' treatment in this claim by Defendants was reflective of a corporate strategy and initiative to lower claim costs through the use of delay and unreasonable denials of claims in an effort to decrease claim indemnity




expenses to increase corporate profits. Such conduct in this case was part of a pattern and practice by Defendants in conscious disregard of the insured's rights and interests, at the risk of significant harm to the insured, supporting the inference of an "evil mind."

35. The actions of Defendants were done in violation of their legal duties and done with knowledge that Plaintiffs' physical, emotional, and economic condition would be adversely affected by Defendants' unreasonable conduct. Defendants consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiffs so there should be an assessment of punitive damages against Defendants, in an amount appropriate to punish and to deter Defendants and others similarly situated from such misconduct in the future.

36. Defendants' conduct described herein was done willfully, oppressively, maliciously, fraudulently, deceptively, with conscious disregard of the rights and interests of Plaintiffs, and with the intent to harm or injure Plaintiffs so there should be an assessment of punitive damages against Defendants, in an amount appropriate to punish and to deter Defendant and others from such misconduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the following relief:

1. Compensatory damages for anxiety, worry, anger, frustration, inconvenience mental suffering and emotional distress and other incidental damages in a sum to be proved at trial;
2. Unpaid policy benefits with interest pursuant to A.R.S. § 20-462;




3. Punitive and exemplary damages in an amount appropriate to punish and deter;

4. An award of attorneys' fees and costs pursuant to A.R.S. § 12-341 and 12-341.01;

5. For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable with the maximum number of jurors permitted by law.

RESPECTFULLY SUBMITTED this 13th day of May 2020.

**O'STEEN & HARRISON, PLC**

_______________________________
Jonathan V. O'Steen
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013-3424

**RICHARD A. DILLENBURG, P.C.**
Richard A. Dillenburg

Attorneys for Plaintiffs




## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of May 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

/s/ Jonathan V. O'Steen

c:\sync\clients\garthe, james\pleadings\complaint\complaint.docx